1
SEDGWICK LLP
STEPHANIE SHERIDAN (Bar No.135910)
2
stephanie.sheridan@sedgwicklaw.com
MEEGAN B. BROOKS (Bar No.298570)
3
meegan.brooks@sedgwicklaw.com
333 Bush Street, 30th Floor
4
San Francisco, CA  94104-2834
Telephone:     415.781.7900
5
Facsimile:     415.781.2635

6
Attorney for Defendant GUCCI AMERICA, INC.

7

8
UNITED STATES DISTRICT COURT

9
SOUTHERN DISTRICT OF CALIFORNIA

10

11
JESSICA MANNER, an individual, on behalf
of herself and all others similarly situated,

CASE NO.   '15CV0045 BAS WVG

12
Plaintiff,

13
v.

NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT

14
GUCCI AMERICA, INC., a New York
Corporation; and DOES 1 through 50,
15
inclusive,

16
Defendants.

17

18
TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN

19
DISTRICT OF CALIFORNIA:

20
PLEASE TAKE NOTICE that Defendant Gucci America, Inc. ("Gucci") hereby removes the

21
above-captioned action from the Superior Court of California, County of San Diego to the

22
United States District Court for the Southern District of California.  This civil action is removed

23
on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and

24
specifically on the following grounds:

25

26
**I.     PROCEDURAL HISTORY**

27
1.     On December 8, 2014, plaintiff Jessica Manner, purportedly on behalf of herself

28
and all others similarly situated, filed a civil action in the San Diego Superior Court entitled

19787349v1

*Jessica Manner v. Gucci America, Inc., et al.*, San Diego County Superior Court, Case No. 37-2014-00041395-CU-MC-CTL. (See Exhibit A, which includes a true and correct copy of the summons, complaint, civil case cover sheet, notice of case assignment, general order and requirements for electronic filing, and an ADR information package.)  Gucci has not been served with any other process or pleading, nor is it aware of the filing of any other process or pleading.

2.     The complaint, which is styled as a class action, alleges one cause of action for alleged violations of California Code § 1747.08.   (Compl. ¶¶ 24-31.)  Plaintiff's complaint arises from a purported transaction at a Gucci store located in San Diego County. (Id. ¶¶ 5, 6.)

3.     Plaintiff served the complaint upon Gucci by personal service on December 10, 2014. (See Exhibit A.)

4.     Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of class treatment, plaintiff's class definition, or the validity of plaintiff's claim for relief.

## II.     REQUIREMENTS FOR REMOVAL UNDER CAFA

5.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

19787349v1

## III.   THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

**The Number of Proposed Class Members Exceeds 100**

6.      Plaintiff seeks to certify a class "consisting of all persons from whom Defendants requested and recorded personal identification information in conjunction with a credit card transaction in California during the period of approximately December 8, 2013 through the date of trial (the "Class")."  (Compl. ¶ 17.)  Plaintiff contends that Gucci violated California Civil Code § 1747.08 by implementing an "Information Capture Policy" whereby it requests customers' personal information at the point-of-sale.  (Id. ¶ 2.)

7.      The Complaint alleges that members of the putative class are "so numerous that joinder of all members is impracticable," but does not identify the number of class members. (Id. ¶ 18.)

8.      As demonstrated by the concurrently filed Declaration of Nicole Marra, from December 8, 2013 through the present time, Gucci's California stores made credit card sales to well over 100 customers.   (See Exhibit B, Declaration of Nicole Marra, "Marra Dec." ¶ 8.)

9.      Gucci disputes that it requested or recorded any customer's personal information in violation of § 1747.08. Given that the complaint alleges that Gucci implemented the policy described above, however, the putative class includes a substantial portion, if not all, of Gucci's credit card transactions during the class period.  This number, although undetermined, is clearly more than 100 customers.


**The Amount in Controversy Exceeds $5 Million**

10.      Plaintiff's complaint does not plead a specific amount of damages.  As such, removal is proper if Gucci proves by a preponderance of evidence that plaintiff demands more than $5 million in damages for herself and the putative class.  *See Rodriguez v. AT&T Mobility*

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

19787349v1

*Servs. LLC*, 728 F.3d 975 (9th Cir. 2013).

11.     Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *See Standard Fire Ins. Co. V. Knowles*, 133 S.Ct. 1345, 1348 (2013).

12.     California Civil Code §1747.08 authorizes a court to award an amount in civil penalties of up to $250 for the first violation and up to $1,000 for each subsequent violation of the section. Cal. Civ. Code. §1747.08(e). The complaint seeks "civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code § 1747.08(e)." (Compl. ¶ 22.)

13.     For the amount in controversy to be over $5,000,000, there must have been at least 5,001 violations. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1206 (E.D. Cal. 2008) (holding that in actions alleging violations of § 1747.08, "in order to demonstrate that the amount *in controversy* meets the CAFA's jurisdictional requirement, defendant need only demonstrate that there are at least 5,001 putative class claims." (Italics in original.)) Gucci's California stores made far more than the 5001 credit card transactions during the relevant time period. (Marra Dec. ¶ 9.)

14.     Plaintiff also seeks an award of attorney's fees. (Compl. ¶ 32.) This amount should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1988) ("This circuit has established 25% of the common fund as a benchmark for attorney fees").

15.     Without conceding liability, appropriateness of class treatment, plaintiff's class definition, or the validity of plaintiff's claims for relief, the amount in controversy in this action

19787349v1

1   (including attorney's fees) greatly exceeds $5,000,000.

2

3   **The Parties Are Citizens of Different States**

4

5   16.     The minimal diversity standard of CAFA is met as long as any one defendant is a
citizen of a different state than any of the named plaintiffs.  28 U.S.C. § 1332(d)(2)(A).  Plaintiff

6

7   and the majority of purported putative class members are citizens of California.  (Compl. ¶ 6;

8   Marra Dec. ¶ 8.)  Gucci is a New York corporation with its principal place of business in the

9   State of New York.  (Marra Dec. ¶ 5.)  Gucci's Chief Executive Officer, General Counsel,

10  Director of Relational Marketing and Director of Store Operations work out of its New York

11  headquarters and executive offices.  (Id.)  Accordingly, Gucci is a citizen of New York for

12  purposes of diversity.  *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010) (adopting the

13  "nerve center test," which locates a corporation's principal place of business in the place "where

14  the corporation's high level officers direct, control, and coordinate the corporation's activities.").

15  Thus, the action satisfies the diversity requirements of CAFA because plaintiff is a citizen of a

16  state (California) different from Gucci (New York).

17

18

19  **No CAFA Exceptions Apply**

20

21  17.     The action does not fall within any of exclusion to removal jurisdiction
recognized by 28 U.S.C. §1332(d) and plaintiff has the burden of proving otherwise.  *See*

22

23  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand

24  bears the burden to prove an exception to CAFA's jurisdiction").

25

26  **Timeliness**

27

28  18.     This Notice of Removal is timely because it was filed within thirty days of

1    December 10, 2014, the date on which Gucci was served with the summons and complaint. 28

2    U.S.C. § 1446(b).

3
**IV.    THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

4
         19.    Removal to this judicial district and division is proper under 28 U.S.C. §§

5
6    1441(a), 1446(a), because the Superior Court of the State of California for the County of San

7    Diego is located within the Southern District of California.

8         20.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the summons,

9    complaint, and all of the accompanying documents that were served on Gucci are attached as

10   Exhibit A.

11
         21.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all

12
13   documents in support thereof and concurrently therewith are being filed with the Clerk of the

14   Superior Court for the County of San Diego.  Written notice of the filing of this Notice of

15   Removal is being served upon counsel for Plaintiff.  True and correct copies of the Notice to the

16   Plaintiff and the state court shall be filed promptly.

17
**V.    CONCLUSION**

18
         Gucci respectfully submits that this action is removed properly pursuant to the Class

19
20   Action Fairness Act.

21   DATED:  January 9, 2015              SEDGWICK LLP

22

23                                     By: *s/ Stephanie Sheridan*
                                          Stephanie Sheridan
24                                        Attorney for Defendant
                                          GUCCI AMERICA, INC.
25

26

27

28

19787349v1

6

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

EXHIBIT A

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA M. ROACH (254142)
701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
proach@bholaw.com

CARPENTER LAW GROUP
TODD D. CARPENTER (SBN 234464)
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619/756-6994
619/756-6991 (fax)
todd@carpenterlawyers.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/08/2014** at 12:31:43 PM

Clerk of the Superior Court
By Adam Beason, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| JESSICA MANNER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GUCCI AMERICA, INC., a New York Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 37-2014-00041395-CU-MC-CTL<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08** |

BLOOD HURST & O'REARDON, LLP

00078263

Case No.

CLASS ACTION COMPLAINT

1    Plaintiff Jessica Manner, on behalf of herself and all others similarly situated

2  ("Plaintiff"), complains and alleges upon information and belief based, among other things,

3  upon the investigation made by Plaintiff by and through her attorneys, as follows:

4  **NATURE OF THE ACTION**

5    1.    The Song-Beverly Credit Card Act, California Civil Code Section 1747.08

6  ("Credit Card Act") is a consumer protection statute that prevents merchants from requesting

7  personal identification information from a customer paying for goods with a credit card and

8  then recording that personal identification information. The information prohibited from

9  collection under the Credit Card Act includes a cardholder's mailing address, telephone

10  number, and email address.

11    2.    Defendants Gucci America, Inc. and Does 1 through 50, (collectively,

12  "Defendants") operate retail stores throughout the United States, including California.

13  Defendants violated and continue to violate the Credit Card Act by implementing an

14  Information Capture Policy whereby Defendants' cashiers request and record personal

15  identification information, including mailing addresses, telephone numbers, and email

16  addresses from customers making purchases with credit cards at the point-of-sale in

17  Defendants' retail stores. Defendants' acts and practices as herein alleged were at all times

18  intentional. There is no legitimate need for Defendants to collect this information from credit

19  card customers in order to complete the credit card transaction. Instead, Defendants use the

20  unlawfully obtained personal identification information for their own business purposes.

21    3.    Plaintiff brings this action on behalf of herself and all similarly situated

22  consumers from whom Defendants requested and recorded personal identification information

23  in conjunction with in-store credit card purchase transactions at Defendants' California retail

24  stores between December 8, 2013 and the date of trial (the "Class Period").

25  **JURISDICTION AND VENUE**

26    4.    This Court has jurisdiction pursuant to Civil Code section 410.10 and Article

27  VI, Section 10 of the California Constitution because this case is not a cause given by statue to

28  other trial courts.

BLOOD HURST & O'REARDON, LLP

00078263

1    Case No.
**CLASS ACTION COMPLAINT**

1      5.    Venue is proper in the Superior Court for the County of San Diego, State of

2  California, because Plaintiff resides in this County, the acts and transactions giving rise to this

3  action occurred in this County, Defendants maintain retail stores and staffing here, and are

4  currently doing, and have done during the Class Period, significant amounts of business here.

5                                           **THE PARTIES**

6      6.    Plaintiff is a resident of San Diego County in the State of California.  In or

7  about September 2014, Plaintiff visited a Gucci store and made a purchase using a credit card.

8  During the purchase, which did not involve mail order, shipping, or cash advances,

9  Defendants' cashier asked Plaintiff for her full name, mailing address, including ZIP code,

10  telephone number, and email address.  Plaintiff provided that personal identification

11  information to the cashier and the cashier entered it into the electronic point-of-sale register

12  and then completed the transaction.

13      7.    Defendant Gucci America, Inc. is a New York Corporation with its principal

14  place of business located at 50 Hartz Way, Secaucus, New Jersey 07094.  Gucci America, Inc.

15  operates as a multi-brand luxury goods company that designs, produces, and distributes

16  personal luxury items for men and women in the United States and internationally.  Its

17  products include ready-to-wear, handbags, luggage, small leather goods, shoes, timepieces,

18  jewelry, ties and scarves, eyewear, perfumes, cosmetics, and skincare.  The company's

19  products also include sportswear, purses, fine jewelry, and accessories.  It operates a network

20  of retail stores in various markets worldwide, including California, as well as wholesales its

21  products through franchise stores, duty-free boutiques, and department and specialty stores.

22      8.    Except as described herein, Plaintiff is ignorant of the true names of Defendants

23  sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore

24  sues these DOE Defendants by such fictitious names.

25      9.    Plaintiff will seek leave of the Court to amend this Complaint to allege their

26  true names and capacities when ascertained.

27      10.    At all times herein mentioned, Defendants, and each of them, were an agent or

28  joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

BLOOD HURST & O'REARDON, LLP

00078263

1  within the course and scope of such agency.  Each Defendant had actual and/or constructive
2  knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,
3  acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the
4  benefits of said wrongful acts.

5     11.    Defendants, and each of them, aided and abetted, encouraged and rendered
6  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the
7  Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and
8  substantially assist the commissions of these wrongful acts and other wrongdoings complained
9  of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and
10 realized that his/her/its conduct would substantially assist the accomplishment of the wrongful
11 conduct, wrongful goals, and wrongdoing.

12                          **FACTUAL ALLEGATIONS**

13    12.    The Credit Card Act of 1971 was enacted to protect consumers by imposing fair
14 business practices dealing with credit cards.  In 1990, the Legislature amended the Credit Card
15 Act to include former Civil Code Section 1747.8, which was intended "to address the misuse
16 of personal identification information for, inter alia, marketing purposes, and [found] that there
17 would be no legitimate need to obtain such information from credit card customers if it was
18 not necessary to the completion of the credit card transaction."

19    13.    As the California Senate Committee on Judiciary recognized: "Retailers acquire
20 this additional personal identification information for their own purposes – for example, to
21 build mailing and telephone lists which they can subsequently use for their own in-house
22 marketing efforts, or sell to direct-mail or tele-marketing specialists, or to others."

23    14.    During the Class Period, Defendants implemented an Information Capture
24 Policy whereby Defendants' cashiers systematically collected personal identification
25 information from credit card customers at Defendants' in-store point-of-sale registers.  As a
26 part of the Information Capture Policy, Defendants' cashiers requested, during credit card
27 transactions, that customers provide their full name, mailing address, telephone number, and
28 email address.  Defendants' cashiers then recorded the personal identification information

BLOOD HURST & O'REARDON, LLP

3    Case No.

1   provided by the customers into Defendants' electronic point-of-sale system.

2       15.   Defendants store the personal identification information and other information

3   related to Plaintiff's and other Class members' purchases, including their names, addresses,

4   telephone numbers, and purchase histories in Defendants' electronic databases, which

5   Defendants then mine and index for their own business purposes.

6       16.   Defendants are not required by their credit card processor or any other third

7   party to record any of the cardholder's personal identification information that they collect

8   pursuant to their Information Capture Policy, including an address or telephone number, in

9   order to complete a credit card transaction.   Nor did Defendants collect Plaintiff's and the

10  other Class members' personal identification information for security or shipping purposes.

11  Instead, Defendants collected the personal identification information for their own marketing

12  related business purposes.

13                            **CLASS ACTION ALLEGATIONS**

14      17.   This lawsuit is brought on behalf of an ascertainable statewide class consisting

15  of all persons from whom Defendants requested and recorded personal identification

16  information in conjunction with a credit card transaction in California during the period of

17  approximately December 8, 2013 through the date of trial (the "Class").   Excluded from the

18  Class are any specific transactions that involved shipping, delivery, servicing, installation, or

19  for a special order.   Also excluded from the Class are Defendants, their corporate parents,

20  subsidiaries and affiliates, officers and directors, any entity in which Defendants' have a

21  controlling interest, and the legal representatives, successors or assigns of any such excluded

22  persons or entities.

23      18.   The members of the Class are so numerous that joinder of all members is

24  impracticable.   While the exact number of Class members is unknown to Plaintiff at this time,

25  such information can be ascertained through appropriate discovery, from records maintained

26  by Defendants and their agents.

27      19.   A class action is superior to other available methods for the fair and efficient

28  adjudication of this controversy because joinder of all members is impracticable, the likelihood

BLOOD HURST & O'REARDON, LLP

00078263

                                    4       Case No.
                              CLASS ACTION COMPLAINT

1    of individual Class members prosecuting separate claims is remote and individual Class

2    members do not have a significant interest in individually controlling the prosecution of

3    separate actions.  Relief concerning Plaintiff's rights under the laws alleged herein and with

4    respect to the Class as a whole would be appropriate.  Plaintiff is not aware of any difficulty to

5    be encountered in the management of this action that would preclude its maintenance as a class

6    action.

7         20.    There is a well-defined community of interest among the members of the Class

8    because common questions of law and fact predominate, Plaintiff's claims are typical of the

9    members of the Class, and Plaintiff can fairly and adequately represent the interests of the

10   Class.

11        21.    Common questions of law and fact exist as to all members of the Class and

12   predominate over any questions affecting solely individual members of the Class.  Among the

13   questions of law and fact common to the Class are:

14             (a)    whether each Class member engaged in a credit card transaction with

15   Defendants;

16             (b)    whether Defendants requested each Class member provide personal

17   identification information and recorded the personal identification in conjunction with credit

18   card transactions;

19             (c)    whether Defendants' conduct of requesting the cardholder to provide

20   personal identification information during credit card transactions and recording the personal

21   identification information of the cardholder constitutes violations of California Civil Code

22   Section 1747.08; and

23             (d)    whether Plaintiff and the Class are entitled to an award of civil penalties

24   and the proper amount of civil penalties to be paid to Class members.

25        22.    Plaintiff's claims are typical of those of the other Class members because

26   Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

27   entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

28   pursuant to California Civil Code Section 1747.08(e).

BLOOD HURST & O'REARDON, LLP

00078263

5    Case No.
CLASS ACTION COMPLAINT

1    23.    Plaintiff can fairly and adequately represent the interests of the Class, she has

2    no conflicts of interest with other Class members, and she has retained counsel competent and

3    experienced in class action and civil litigation.

**CAUSE OF ACTION FOR VIOLATIONS OF
CALIFORNIA CIVIL CODE SECTION 1747.08
[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

6    24.    Plaintiff re-alleges all prior paragraphs of this Complaint as though fully set

7    forth herein.

8    25.    California Civil Code Section 1747.08 states that no "corporation that accepts

9    credit cards for the transaction of business shall … [r]equest, or require as a condition to

10   accepting the credit card as payment in full or in part for goods or services, the cardholder to

11   provide personal identification information, which the [business] accepting the credit card

12   writes, causes to be written, or otherwise records upon the credit card form or otherwise."

13   26.    Telephone numbers, mailing addresses, and email addresses are "personal

14   identification information" under Civil Code Section 1747.08(b).

15   27.    Defendants are corporations that accept credit cards for the transaction of

16   business.

17   28.    Plaintiff and the other Class members are "cardholders" as defined by Civil

18   Code Section 1747.02(d).

19   29.    During credit card transactions entered into at Defendants' retail stores during

20   the Class Period, Defendants utilized, and continue to utilize, an Information Capture Policy

21   whereby Defendants' cashiers request and record mailing addresses, telephone numbers, and

22   email addresses from customers using consumer credit cards at the point-of-sale in

23   Defendants' retail establishments.

24   30.    Defendants did not collect the personal identification information for any

25   purpose listed in Civil Code Section 1747.08(c). Instead, Defendants collected and maintained

26   the personal identification information received from their credit-card paying customers for

27   Defendants' own business purposes.

28

BLOOD HURST & O'REARDON, LLP

00078263

6    Case No.
CLASS ACTION COMPLAINT

31. Due to Defendants' violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code Section 1747.08(e).

## PRAYER FOR RELIEF

32. Wherefore, Plaintiff prays for judgment against Defendants as follows:

A.  That the Court certifies this action as a class action, appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

B.  That the Court award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code Section 1747.08(e);

C.  For an award of attorneys' fees and costs;

D.  For prejudgment interest at the legal rate; and

E.  For such other relief as the Court may deem proper.

Dated: December 8, 2014

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA M. ROACH (254142)

By: _____
TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
proach@bholaw.com

CARPENTER LAW GROUP
TODD D. CARPENTER (SBN 234464)
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619/756-6994
619/756-6991 (fax)
todd@carpenterlawyers.com

*Attorneys for Plaintiff*

# EXHIBIT B

1  | SEDGWICK LLP
   | STEPHANIE SHERIDAN (Bar No.135910)
2  | stephanie.sheridan@sedgwicklaw.com
   | MEEGAN B. BROOKS (Bar No.298570)
3  | meegan.brooks@sedgwicklaw.com
   | 333 Bush Street, 30th Floor
4  | San Francisco, CA  94104-2834
   | Telephone:    415.781.7900
5  | Facsimile:    415.781.2635

6  Attorneys for Defendant GUCCI AMERICA, INC.

7

8                UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 | JESSICA MANNER, an individual, on behalf    CASE NO.   **'15CV0045 BAS WVG**
   | of herself and all others similarly situated,

12 |                    Plaintiff,              **DECLARATION OF NICOLE MARRA
                                                IN SUPPORT OF NOTICE OF**
13 |          v.                                **REMOVAL OF ACTION TO FEDERAL
                                                COURT**
14 | GUCCI AMERICA, INC., a New York
   | Corporation; and DOES 1 through 50,
15 | inclusive,                                 Filed Concurrently With Notice Of Removal
                                                Of Action To Federal Court
16 |                    Defendants.

17

18        I, Nicole Marra, hereby declare as follows:

19        1.      I am employed by Gucci America, Inc. ("Gucci") as its General Counsel and

20  Secretary.  I have held this position since August 2010, and I am familiar with Gucci's business

21  operations in the United States.  In my position, I have access to information regarding the

22  overall direction, control and coordination of Gucci's activities. I also have access to the

23  Company's sales information, including the number of credit card purchase transactions and

24  information voluntarily collected from customers.  If called upon as a witness, I could and would

25  competently testify to the matters stated herein.  I am submitting this declaration in order to

26  provide the Court with information regarding the amount in controversy.

27        2.      To the extent this declaration is based upon my review of the business records of

28  Gucci, those records are kept in the regular course of business, entries are made on those records

19787358v1

1    in a timely manner by people with knowledge of the information being entered, and it is the

2    regular practice of Gucci's business to maintain such records.

3           3.     At all relevant times (December 8, 2013 through the present), Gucci has been a

4    corporation incorporated in New York.

5           4.     Gucci has one shareholder, Kering Americas, Inc.  At all relevant times, Kering

6    has been incorporated in Delaware.

7           5.     At all relevant times, Gucci's principal place of business has been located at 685

8    Fifth Avenue, New York, New York.  It is from that location that Gucci's highest level officers

9    and executives—including Gucci's President & Chief Executive Officer, General Counsel &

10   Secretary,  Director of Relational Marketing and the Director of Store Operations—direct,

11   control, and coordinate the corporation's activities; where its policies and procedures are

12   developed; and where its corporate records are stored.

13          6.     Gucci has a three-member board of directors.  None of the directors reside in

14   California or maintain an office there.

15          8.     I have knowledge and am familiar with Gucci's sales transactions and volume of

16   credit card purchase transactions.  Gucci makes and maintains records of sales transactions in the

17   regular course of business.  I understand plaintiff Jessica Manner filed suit on behalf of herself

18   and "all similarly situated consumers from whom Defendants requested and recorded personal

19   identification information in conjunction with in-store credit card purchase transactions at

20   Defendants' California retail stores between December 8, 2013 and the date of trial (the "Class

21   Period.")."  I further understand that Ms. Manner seeks penalties of up to $1,000 for each credit

22   card transaction.  As reflected in its business records that I have personally reviewed, between

23   December 8, 2013 and now, Gucci's California stores processed credit card sales to well over

24   100 retail customers, the majority of whom are from California.

25          9.     As reflected in its business records that I have personally reviewed, between

26   December 8, 2013 and now, Gucci processed far in excess of 5,001 in-store credit card

27   transactions at its California store locations.  Indeed, there was several times that number.

28

19787358v1

2

10.    The above information relating to the number of credit card transactions at Gucci's California store locations does not reflect any concession of liability or admissions as to the allegations set forth in the complaint.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 9, 2015 at New York, New York.

_____
Nicole Marra

19787358v1

EXHIBIT C

12/11/14 @2:30

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/08/2014** at 12:31:43 PM

Clerk of the Superior Court
By Adam Beason,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GUCCI AMERICA, INC., a New York Corporation; and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESSICA MANNER, an individual, on behalf of herself and all others
similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court for the State of California<br>County of San Diego, Central Division<br>330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):* 37-2014-00041395-CU-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy G. Blood/Blood Hurst & O'Reardon LLP; 701 B St., Ste/ 1700; San Diego, CA  92101; 619/338-1100

| DATE: 12/08/2014 | Clerk, by | *a. Beason* | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | A. Beason | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Gucci America, Inc., a New York Corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 485 ·
www.courtinfo.ca.gov