UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MANNER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GUCCI AMERICA, INC.,<br><br>Defendant. | Case No.: 15-cv-00045-BAS(WVG)<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**[ECF No. 34]** |

On December 8, 2014, Plaintiff Jessica Manner commenced this class action in San Diego Superior Court, alleging that Defendant Gucci America, Inc. requested and recorded personal identification information from Plaintiff and putative class members in conjunction with credit card purchase transactions in violation of California's Song–Beverly Credit Card Act, California Civil Code Section 1747.08. Thereafter, Gucci removed this action to federal court. (ECF No. 1.) Now pending before this Court is the parties' joint motion for final approval of class action settlement. (ECF No. 34.) The matter came on for hearing on August 22, 2016. (ECF No. 43.) The Court has considered the Settlement Agreement and Release filed on August 3, 2015 ("Settlement" or "Settlement Agreement"), oral and/or written objections and comments received regarding the proposed Settlement, the record in the above-entitled lawsuit ("the Action"), and the

arguments and authorities of counsel. For the reasons stated below, the Court **GRANTS** this Motion (ECF No. 34).

## I.   PROPOSED SETTLEMENT

The Settlement Agreement applies to class members ("Class" or "Class Members") defined as:

> all persons from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction in any of Gucci's eight (8) freestanding, full-priced California boutique stores during the period of December 8, 2013 through the date of notice of entry of the Preliminary Approval Order. Excluded from the Class are any specific transactions that involved shipping, delivery, servicing, installation, or a special order.

(Settlement Agreement § 1.4.)[1]

The Settlement contemplates that all Settlement Class Members, defined as all members of the Class who have not properly and timely opted out, automatically receive by email or U.S. Mail a voucher, good for six months from the date it is sent, redeemable for either one free Gucci gift item retailed between $40.00 and $120.00,[2] or a 15% discount on a single full price merchandise purchase transaction of up to $10,000. (Settlement Agreement §§ 1.25, 1.26, 1.29, 2.2, Ex. E.) Thus, the discount shall be limited to $1,500. (*Id.* § 1.29.1, Ex. E.) The vouchers will be redeemable at one of eight Gucci stores in California and are non-transferrable, except to a family member. (*Id.* § 1.29.2, Ex. E.)

In the proposed Settlement, Gucci also agrees to change its business practices and will no longer request or record personal identification information in conjunction with credit card purchase transactions, in order to fully comply with California Civil Code

---

[1] The Settlement Agreement is attached to the parties' joint notice of settlement (ECF No. 24) as Exhibit 1. All capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement. (*See* Settlement Agreement § 1 (Definitions).)

[2] The free gift item will be selected by Gucci and "limited based on availability at any Eligible Voucher Redemption Store." Each store will offer two gift options, with one retailed at $100.00 or more. (Settlement Agreement § 1.29.1, Ex. E.)

1  Section 1747.08. (Settlement Agreement § 2.3.) In addition, Gucci agrees to pay all notice
2  and administration costs, attorneys' fees, and Plaintiff's service award, if approved by the
3  Court. (*Id.* §§ 2.4–2.6.)

4  Following final court approval of the proposed Settlement, Plaintiff and Settlement
5  Class Members shall be deemed to have released and discharged Gucci from any and all
6  claims that were alleged in the Complaint or claims that could have been asserted arising
7  out of facts alleged in the Complaint that took place during the class period. (Settlement
8  Agreement §§ 4.3, 4.4.)

## II. ANALYSIS

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks omitted). Before granting preliminary approval of a class-action settlement, the Court must first determine whether the proposed class can be certified. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees).

For the reasons outlined in the Court's Order Granting Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 27), the Court concludes that class

certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate in this case.

The Court further finds that the Proposed Settlement is "fair, adequate, and reasonable" under Rule 23(e) of the Federal Rules of Civil Procedure. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon*, 150 F.3d at 1026. A court may not "delete, modify or substitute certain provisions" of the settlement; rather, "[t]he settlement must stand or fall in its entirety." *Id.*

"[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. Consequently, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Other relevant factors to this determination include, among others, "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class-action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026; *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Here, as outlined in the Court's Order Granting Preliminary Approval of the Class Action Settlement (ECF No. 27), the parties' proposed Settlement complies with all of these requirements.

The Court previously approved the form and manner of notice to the class members. (ECF No. 27.) The Court now finds the Class Notice program was executed as previously detailed in its Order. (Declaration of Karen Rogan re: Notice Procedures, ECF No. 34-4). Class Notice was delivered to approximately 15,527 class members via valid email

– 4 –

15cv0045

addresses and another 11,381 notices were delivered via U.S. mail. (*Id. ¶* 9.) Hence, the Court finds the Class Notice satisfies due process.

Although the Settlement Administrator received no objections to the Settlement or requests for exclusion (Declaration of Karen Rogan ¶¶ 3–4), class counsel received one letter and one email from two presumptive class members stating they object to the Settlement (ECF No. 41). These two individuals did not comply with the Court's Preliminary Order; therefore, their objections are technically waived. Nonetheless, the Court will address the concerns expressed by these two individuals. Both object to the Settlement because it puts Class Members who live out of state at a disadvantage. (ECF Nos. 41-2, 41-3.) The Court notes that, in order to recoup the settlement gift, the Class Member must request it at one of the eight retail establishments in California. Nonetheless, the Court finds the Settlement is reasonable.

First, the Class itself consists of individuals who already purchased something at one of the California Gucci retail stores. Therefore, all Class Members must have entered one of these California retail establishments at some point, and the Settlement is specifically targeted at conduct that occurred in these retail establishments. Second, according to Class Counsel, Gucci's records reflect that the vast majority of Class Members live in California. (ECF No. 41.) Finally, because this is a California-only class, it would be unreasonable to require Gucci to keep gifts on hand at every one of its retail stores nationwide in case one of the Class Members sought to request the gift at a different store. Although the Settlement may not be perfect, the Court finds it is fundamentally fair, given the harm that was alleged. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) ("[T]he question whether a settlement is fundamentally fair within the meaning of Rule 23(e) is different from the question whether the settlement is perfect in the estimation of the reviewing court.").

//
//
//
//

## III. CONCLUSION

For the reasons stated both in this Order as well as its previous Order Granting Preliminary Approval of the Class Action Settlement, the Court **GRANTS** the parties' Joint Motion for Final Approval of Class Action Settlement. (ECF No. 34.)

The Court **ORDERS** as follows:

1. The Judgment incorporates by reference the definitions in the Settlement Agreement, including its exhibits, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement;

2. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members;

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following Class for settlement purposes:

   > All persons from whom Gucci requested and recorded personal identification information in conjunction with a credit card transaction in any of Gucci's eight freestanding, full-priced California boutique stores during the period of December 8, 2013, through the Preliminary Approval Order date. Excluded from the Class are any specific transactions that involved shipping, delivery, servicing, installation or a special order.

4. Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all such persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Judgment.

5. Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court finds that the named plaintiff in this Action, Jessica Manner, is a member of the Settlement Class, her claims are typical of the Settlement Class, and she fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court appoints Jessica Manner as Class Representative.

6. The Court finds that the Settlement Class meets all requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for certification of the class claims

      alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority;

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court finds that Thomas J. O'Reardon II, of Blood Hurst & O'Reardon, LLP, and Todd D. Carpenter, of Carpenter Law Group have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement, and, thus, appoints Mr. O'Reardon and Mr. Carpenter as Class Counsel for the Settlement Class;

8. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Claims Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Class Members of the terms of the Settlement, of the Final Approval Hearing and their right to appear at such hearing, of their rights to remain in or opt out of the Settlement Class and to object to the Settlement, procedures for exercising such rights, and the binding effect of this Judgment to the Settlement Class;

9. The distribution of the Class Notice constituted the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, 28 U.S.C. §1714, and any other applicable law;

10. The Settlement proposed by the parties is fair, reasonable, and adequate. The terms and provisions of the Settlement are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of the Honorable Edward A. Infante (Ret.). Approval of the Settlement will result in substantial savings of time, money, and effort to the Court and the parties, and will further the interests of justice;

//
//

11. No Class Members have timely or validly submitted requests for exclusion from the class. Therefore, all Settlement Class Members are bound by this Judgment and by the terms of the Settlement;

12. The Court awards attorneys' fees, costs, and an incentive service award to Jessica Manner as set forth in the Court's Order submitted simultaneously with this Order;

13. The Court dismisses with prejudice the Action and all released claims set forth in Sections 4.3 and 4.4 of the Settlement Agreement;

14. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Judgment and the Settlement; and

15. There is no just reason for delay in the entry of this Final Judgment and Order approving Settlement and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: October 13, 2016

Hon. Cynthia Bashant
United States District Judge